ORIGINAL

FILED
'12 JAN -6 PM 3:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

LANCE W. LILLIS
281 Paden Drive.
Spring Valley, CA 91977
(619) 990-4713
Pro-Per

LANCE W. LILLIS,                )   Case No.: 12CV0052 IEG MDD
              Plaintiff,        )
                                )
     -against-,                 )   **COMPLAINT** – *Jury Trial Demanded*
                                )
APRIA HEALTHCARE, BLACK-        )
STONE INVESTMENT GROUP &        )
DOE'S 1 through 5,              )
              Defendant.        )
_____)

# UNITED STATES COURT
# SOUTHERN DISTRICT OF CALIFORNIA

### JURISDICTION

The plaintiff brings this action in the United States Court as the plaintiff alleges Discrimination based upon age and disability in violation of the Age Discrimination in Employment Act of 1967, Title 29 Chapter 14 subsection 623 and the Americans with Disabilities Act of 1990, Title 42 Chapter 126 Subchapter 1, subsection 12112[sec. 102] and violation of Civil Rights, 42 USC Chapter 21 subchapter 1 subsection 1983.

### VENUE

This action is brought before the United States Court for the Southern District of California based upon the plaintiff's residence address which is 281 Paden Drive, Spring Valley, California 91977, and the address of the defendant being at 26220 Enterprise Court, Lake Forest, California 92630.

///

**PRELIMINARY STATEMENT**

The plaintiff brings this action as against the defendant(s) for violation of federal statutes. Plaintiff alleges that defendant(s) who was his employer discriminated against him because of his age and disability status culminating in his wrongful termination and violation of his Civil Rights.

**PARTIES**

Plaintiff is a 53 year old Delivery Technician formerly employed with defendant APRIA HEALTHCARE.

Defendant APRIA HEALTHCARE is a company providing in-home healthcare equipment to disabled persons and others.

Defendant BLACKSTONE INVESTMENT GROUP is the parent company of APRIA HEALTHCARE.

DOE'S 1 through 5 are as yet unidentified persons and or companies or corporations that through omission or commission aided in or caused damages that plaintiff alleges, as the case progresses and the true names and identities are discovered, plaintiff will amend this complaint to include their true names.

**SUMMARY OF COMPLAINT**

Plaintiff was hired by APRIA HEALTHCARE on October 1, 2007 as a Delivery Technician. Plaintiff was flexible with regard to working hours and thusly endured about 17 shift changes within the first 3 ½ years of his employment.

///

///

Plaintiff then became a "night shift" worker and was assigned to the "On-Call" and "Special Duties" section where he would often have to work all night delivering oxygen tanks, pumps for intravenous feeding and medication delivery.

Plaintiff began to get injured while on the job because of the nature of the tasks that had to be performed which often included heavy lifting, equipment placement, and removal, turning, twisting, and reaching; which precipitated many of the injuries suffered by plaintiff. Plaintiff was required to remain performing regular duties even when the doctor had ordered "light duty" to assist in his recovery from injury.

Plaintiff began to be harassed by supervisory personnel in a guised effort to set him up for termination.

It was inferred that the plaintiff and others who were injured on the job were not following safety procedures which was incorrect; additionally, plaintiff over heard supervisory personnel discussing "getting rid of" the disabled and "old guys. Because they were current or future "liabilities". Plaintiff is a disabled veteran which defendant knew before hiring him and plaintiff through his work injuries became further disabled though he could still perform the tasks required of the job,

Plaintiff began to notice discrepancies concerning equipment maintenance and storage which threatened it's effectiveness for the patients to whom it was delivered.

///

///

-3-

Plaintiff discussed such with his colleagues and supervisory personnel and was at first ignored and then harassed as was other employees concerning completion of required paperwork, clock-out procedures, and general performance of duties.

Plaintiff continued to work for defendant until plaintiff was accused of falsifying data and terminated upon that basis.

When plaintiff filed his claim for unemployment insurance he was initially denied because the reason for his termination as stated by his employer was for "cause". Plaintiff appealed the denial before an Administrative Law Judge and the denial was reversed because the judge found that the employer's stated reason for termination was incorrect as proven by records and witness testimony.

Plaintiff believes that the defendant(s) is organized and operating in a manner that usurps employee rights, short-changes the customers (who are medical patients), and defrauds Medicare and other medical insurance companies or agencies that pay for the equipment and maintenance provided by defendant(s). Plaintiff brings the instant action to seek redress and damages from defendant and bring to light any violation of established state and federal statutes governing the defendants business type and any criminal statutes actionable against defendant.

///

///

///

///

///

## CAUSES OF ACTION

As for a FIRST cause of action plaintiff alleges Age Discrimination as defendant(s) fired plaintiff under an unsubstantiated and false reason to mask his termination which was actually done because of his age.

Plaintiff incorporates and re-alleges the allegations of the FIRST cause of action and alleges as a SECOND cause of action Discrimination based upon his status of disabled person as defendant(s) fired plaintiff shortly after the conclusion of his Workers Compensation Claim for a work-related injury that required light-duty and plaintiff has heard defendant(s) managers and/or agents discussing "getting rid" of the old guys and disabled workers.

Plaintiff incorporates and re-alleges the allegations of the FIRST and SECOND causes of action and alleges as a THIRD cause of action Wrongful Termination as plaintiff was wrongfully fired and such was supported by the results of plaintiff's Appeal of his denial for Unemployment Insurance.

Plaintiff incorporates and re-alleges the allegations of the FIRST, SECOND, and THIRD causes of action and alleges as a FOURTH cause of action Violation of his Civil Rights as his wrongful termination was based upon discrimination

///
///
///
///

## PRAYERS FOR RELIEF

As to the FIRST cause of action plaintiff prays for compensatory damages in the amount of three hundred thousand dollars ($300,000.00).

As for the SECOND cause of action plaintiff prays for compensatory damages in the amount of three hundred thousand dollars ($300,000.00).

As for the THIRD cause of action plaintiff prays for compensatory damages in the amount of two hundred and fifty thousand Dollars ($250,000.00)

As for the FOURTH cause of action plaintiff prays for compensatory and actual damages of four hundred thousand dollars($400,000.00)

As for the total monetary damages sought plaintiff prays for a total of one million two hundred and fifty thousand (1,250,000.00) dollars and the assessment of Punitive Damages as the court may deem just and proper.

## CONCLUSION

Plaintiff has information and believes that the defendant(s) willfully and with indifference, discriminated against him because of his age and disability and concocted "cause" for his termination that was later disputed and rejected in an Administrative Action by a state agency. Defendant(s) are liable under the law for the damages sought.

## VERIFICATION

I, LANCE W, LILLIS, do hereby and herewith declare under the pain and penalty of perjury under the Laws of the United States that the foregoing is true and correct to the best of my knowledge, except as to those statements made or said to be made under information and/or belief and that as to those statements, I believe them to be true.

Dated: January 6, 2012
San Diego, California

LANCE W. LILLIS
Plaintiff- Pro-Per

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LANCE W. LILLIS

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
APRIA HEALTHCARE
BLACKSTONE INVESTMENT GROUP

County of Residence of First Listed Defendant: SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ADEA 1967, ADA 1990, 42 USC chapter 21 §1983

Brief description of cause:
DISCRIMINATION (AGE & DISABILITY) WRONGFUL TERMINATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,250,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 1/6/2012
SIGNATURE OF ATTORNEY OF RECORD: X /s/ Lance W. Lillis

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____