UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LANCE W. LILLIS, | CASE NO. 12-CV-52 - IEG (KSC) |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| vs. | |
| APRIA HEALTHCARE, et al., | [Doc. No. 51] |
| Defendants. | |

Before the Court is Plaintiff Lance W. Lillis's renewed motion for leave to file a first amended complaint. [Doc. No. 51.] For the reasons below, the Court **GRANTS** Plaintiff's motion.

**BACKGROUND**

Plaintiff, proceeding *pro se*, commenced this action on January 6, 2012, alleging that named Defendants Apria Healthcare ("Apria") and Blackstone Investment Group ("Blackstone") wrongfully terminated him on the basis of age and disability. [*See* Doc. No. 1.]  On March 9, 2012, Defendant Apria filed an answer, [Doc. No. 12], and on April 12, 2012, Defendant Blackstone, erroneously named as "Blackstone Investment Group" rather than " Blackstone Group LP" in the initial complaint, moved to dismiss for lack of proper service, [Doc. No. 26].   Then, on May 1, 2012, Plaintiff filed a motion for leave to file an amended complaint, but failed to serve a proposed amended complaint. [Doc. No. 32.]  Consequently, on May 2, 2012, the Court issued an order denying Plaintiff's motion to amend without prejudice to renewal once accompanied by a

1  proposed amended complaint. [Doc. No. 33.]  In that same order, the Court similarly denied
2  Defendant Blackstone's motion to dismiss without prejudice "to being renewed after the Court
3  rules upon Plaintiff's [renewed] motion to amend." [*Id*. at 2.]  Plaintiff's renewed motion to
4  amend is now before the Court ripe for resolution.  [Doc. No. 51.]

## DISCUSSION

6  "The court should give leave [to amend] freely when justice so requires."  Fed. R. Civ. P.
7  15(a)(2).  In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be
8  applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), and
9  "[t]his policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132,
10 1135 (9th Cir. 1987).  Against this extremely liberal standard, the Court may consider "the
11 presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or
12 futility."  *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001).  But
13 "[n]ot all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing
14 party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048,
15 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [] factors,
16 there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id*.  The party
17 opposing amendment bears the heavy burden of overcoming this presumption.  *DCD Programs,*
18 *Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

19  Here, Defendants fail to carry their heavy burden.  Beyond thin reference to additional
20 discovery (without any attempt to specify or quantify its potential cost or scope) Defendants make
21 no showing of prejudice.  [*See* Doc. No. 76 at 16.]  Nor any showing of bad faith or undue delay.
22 [*See id*.]  Rather, Defendants focus almost exclusively on the purported futility of Plaintiff's
23 proposed claims.  [*See id*. at 7-14.]  But "a proposed amendment is futile only if no set of facts can
24 be proved under the amendment to the pleadings that would constitute a valid and sufficient claim
25 or defense."  *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988).  And "[d]enial of
26 leave to amend on this ground is rare. Ordinarily, courts will defer consideration of [futility]
27 challenges . . . until after leave to amend is granted and the amended pleading is filed." *Netbula,*
28 *LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003); *accord Green Valley Corp. v. Caldo*

*Oil Co.*, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility."); *Fair Housing Council of Cent. California, Inc. v. Nunez*, at *4 (E.D. Cal. Jan. 24, 2012) ("denial of leave to amend due to futility is rare;" "courts will defer consideration . . . until after . . . the amended pleading is filed."). Defendants fail to justify any break from the ordinary here; their arguments to the sufficiency of the proposed pleadings, even if merited, remain better left for full briefing on a motion to dismiss. *See Pilavskaya v. Henderson*, 2012 WL 3279517, at *5 (C.D. Cal. Aug. 9, 2012) ("Whether [] claims are properly pled is better left for a motion to dismiss."); *Defazio v. Hollister, Inc.*, 2008 WL 2825045, at *3 n.5 (E.D. Cal. July 21, 2008) ("opposition papers arguing the merits of plaintiffs' proffered amendments [are] premature in that they require the court to assume that there are no facts that could support plaintiff's proposed claims."). In light of the Ninth Circuit's extremely liberal policy favoring leave to amend in the *pro se* context, the Court will not indulge Defendants' attempt to convert Plaintiff's motion to amend into a premature motion to dismiss. As Defendants establish neither prejudice nor a strong showing of any other factor, they fail to meet their burden in opposing leave to amend. *Eminence Capital*, 316 F.3d at 1052.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a first amended complaint is **GRANTED**. Plaintiff shall filed his first amended complaint on or before **Monday, October 15, 2012.** Once Plaintiff's first amended complaint is filed, the Clerk of the Court is directed to issue summons for newly-named defendants Blackstone Group L.P., Norman C. Payson, Daniel E. Greenleaf, Chris A Karkenny, Howard Derman, Lisa M. Getson, Robert S. Holcombe, Cameron Thompson, Stephen A. Schwarzman, Hamilton E. James, J. Tomlinson Hill, Laurerice Tosi, and John G. Finley.

**IT IS SO ORDERED.**

**DATED:** October 5, 2012

**IRMA E. GONZALEZ**
**United States District Judge**