**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| LANCE W. LILLIS,<br><br>          Plaintiff,<br>vs.<br><br>APRIA HEALTHCARE, INC., et al.<br>          Defendants. | CASE NO. 12cv0052-GPC-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[DKT. NOS. 88, 100, 102] |
|---|---|

For the reasons below, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' motions to dismiss.

## BACKGROUND[1]

Plaintiff Lance Lillis ("Plaintiff"), proceeding in pro per, filed the instant action on January 6, 2012. Plaintiff filed the first amended complaint on October 15, 2012 alleging claims for age discrimination, disability discrimination, violation of the Fair Labor Standards Act, violation of civil rights, negligent infliction of emotional distress and violation of the Occupational Safety and Health Act., all of which allegedly arose during his employment with Defendant Apria Healthcare, Inc. Plaintiff named Blackstone Group L.P., which "acquired 100% control of April in 2008," as a Defendant, in addition to numerous individuals who serve as executives

---

[1] Unless otherwise indicated, the facts in the background are drawn exclusively from the First Amended Complaint, hereinafter "FAC". (Dkt. No. 82.)

of Apria Healthcare, Inc. and Blackstone Group, L.P.

Plaintiff is a 53 year old former Marine who worked as a delivery technician for Apria Healthcare to service patients with critical diseases. Plaintiff was hired by Apria Healthcare on October 1, 2007 and, as "HAZ-MAT" certified specialist, he was given supervisory authority. Plaintiff alleges that over an extended period of time, he was the only certified specialist to deal with particular types of cases, which resulted in numerous, excessive shift changes without proper recording of overtime and also in unpaid wages. Plaintiff alleges that Blackstone Group, L.P. acquired Apria in 2008 and during that period, employee tension increased, and older employees were singled out and targeted with verbal abuse and personal derogatory insults. Plaintiff alleges that he and other employees were harassed by supervisory personnel and given unsubstantiated write-ups that they were not allowed to contest. Plaintiff alleges that on one occasion, while Plaintiff was attending his father's funeral in New York, a supervisor called and threatened to fire the Plaintiff. Plaintiff states that he overheard supervisory personnel discussing "getting rid of" the disabled and "old guys." Plaintiff also alleges that there were problems concerning the safety equipment utilized during the evening patient delivery routes. Although Plaintiff raised these issues with supervisors, he alleges that he was ignored.

Plaintiff states that he was terminated on the basis of willfully and deliberately falsifying data. Plaintiff also contends that his supervisor was terminated for the same reasons three months after Plaintiff's termination. Following his termination, Plaintiff applied for unemployment benefits, which were initially denied but reinstated following an appeal. Plaintiff alleges that subsequent to his termination, he suffered "deep bouts of depression, loss of sleep, and panic attacks." Plaintiff on one occasion visited the Department of Veteran Affairs Psychiatric Department, but has not returned due to fear that a negative evaluation would render him unemployable. Plaintiff states that his current symptoms include

1 "uncontrollable outbursts and violent anger."

2   Plaintiff alleges six causes of action. First, Plaintiff alleges age discrimination "as defendant fired plaintiff under an unsubstantiated and false reason...which was actually done because of his age." Second, Plaintiff alleges disability discrimination and asserts that Defendant Apria Healthcare terminated Plaintiff for a work-related injury. Third, Plaintiff alleges wrongful termination, and cites the reversal of his unemployment benefits as proof of wrongful termination. Plaintiff further alleges violations of his individual and civil rights and negligent infliction of emotional distress. Finally, Plaintiff alleges violations of the Occupational Safety & Health Act. Plaintiff alleges these causes of action under applicable federal law and also pursuant to California state law.

  On October 30, 2012, Defendant Apria Healthcare filed a motion to dismiss for failure to state a claim upon which relief can be granted. (Dkt. No. 88.) On December 21, 2012, Defendant Blackstone Group, LP filed a motion to dismiss for lack of personal jurisdiction, failure to effectuate proper service, and failure to state claim. (Dkt. No. 100.) On January 2, 2013, Defendants Howard Derman, Lisa Getson, and Chris Karkenny filed a motion to dismiss based on failure to state a claim. (Dkt. No. 102.)

### LEGAL STANDARD

  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

1  Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).
2  A claim is facially plausible when the factual allegations permit "the court to draw
3  the reasonable inference that the defendant is liable for the misconduct alleged." Id.
4  In other words, "the non-conclusory 'factual content,' and reasonable inferences
5  from that content, must be plausibly suggestive of a claim entitling the plaintiff to
6  relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
7  "Determining whether a complaint states a plausible claim for relief will . . . be a
8  context-specific task that requires the reviewing court to draw on its judicial
9  experience and common sense." Iqbal, 129 S. Ct. at 1950.

## DISCUSSION

**First Cause of Action**

Defendants contend that Plaintiff has also failed to exhaust his administrative remedies for his claim of age discrimination. (Dkt. No. 88 at 3-4.) However, the Ninth Circuit has interpreted 29 U.S.C. § 633(a) as not requiring an exhaustion of administrative remedies with regard to an age discrimination claim. "We hold that a claimant is no longer required to exhaust his administrative remedies with regard to an age discrimination claim prior to filing a civil suit. We emphasize that our holding is limited to age discrimination claims governed by EEOC regulations." Bak v. Postal Serv., (U.S.), 52 F.3d 241, 244 (9th Cir. 1995)(distinguishing from EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994) (holding claimant must exhaust administrative remedies before litigating discriminatory lay off claim). From the face of Plaintiff's first amended complaint, it appears that his claim for age discrimination would fall under EEOC regulations. As such, Plaintiff is not required to exemplify exhaustion of his administrative remedies.

However, Plaintiff has not made sufficient allegations of age discrimination to withstand the motion to dismiss. In reviewing a motion to dismiss, the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis,

295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Here, Plaintiff asserts that he over heard supervisors discuss "getting rid of" the "old guys," and that they were "future liabilities compared to the younger new hires." (FAC at ¶5.) However, nowhere in the FAC does Plaintiff allege that Defendants discriminated against him due to his age. Even construing these facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state sufficient facts under the legal claim of age discrimination. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's first cause of action for age discrimination.

**Second and Fourth Causes of Action**

Plaintiff has failed to show exhaustion of his administrative remedies for his federal claims of disability discrimination and civil rights violations. The timely exhaustion of administrative remedies, including the filing of an administrative complaint with the EEOC within 300 days of the alleged discriminatory act, is a prerequisite to initiating a lawsuit for federal claims of discrimination and wrongful termination under the American Disabilities Act ("ADA") and under Title VII. 42 U.S.C. § 12117(a) (providing that the administrative procedures set forth in Section 706 apply to claims arising under the ADA); 42 U.S.C. § 2000e-5(e)(1) (requires a claimant to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act, unless the "person aggrieved has initially instituted proceedings with a State ... agency with authority to grant or seek relief from such practice," in which case the claimant has 300 days to file his charge with the EEOC.); 29 U.S.C. § 626; B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002)("In order to establish subject matter jurisdiction over Title VII claim, Plaintiff was required to exhaust her administrative remedies"). Plaintiff fails to allege that he filed a discrimination charge with any federal government entity and further fails to allege that he received a right-to-sue letter from the EEOC. Moreover, it appears that the defect cannot be cured.

1    To determine whether Plaintiff has exhausted his federal administrative
2 remedies, Defendants request the Court take judicial notice of two documents that
3 provide information regarding Plaintiff's date of termination from Apria Healthcare,
4 Inc.  Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice
5 of adjudicative facts on its own or must take judicial notice if a party requests it and
6 the Court is supplied with the necessary information. Fed. R. Evid. 201.  When
7 ruling on a motion to dismiss, a court may consider the facts alleged in the
8 complaint, documents attached to the complaint, documents relied upon but not
9 attached to the complaint when authenticity is not contested, and matters of which
10 the court takes judicial notice.  Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir.
11 2001).

12    First, Defendants request judicial notice of the California Unemployment
13 Insurance Appeals Board Decision regarding Plaintiff's determination, issued on
14 November 29, 2011, by the California Unemployment Insurance Appeals Board.
15 (Dkt. No.88, Exhibit 1; Dkt. No. 100, Exhibit 1; Dkt. No. 102, Exhibit 1; hereinafter
16 "Unemployment Appeals Decision".)  Plaintiff attempted to file this document on
17 July 5, 2012, but the Court rejected the filing due to Plaintiff's failure to provide
18 any supporting memoranda or supporting legal authority pursuant to Local Civil
19 Rule 7.1.  (See Dkt. No. 45.)  Additionally, Plaintiff references this appeal decision
20 in his first amended complaint as supporting evidence of his third claim for
21 wrongful termination. (FAC at 5.)  Defendants further request judicial notice of the
22 public records provided by the California Department of Fair Employment and
23 Housing Certification (DFEH) of Plaintiff's DFEH filings to date.  (Dkt. No.88,
24 Exhibit 2; Dkt. No. 100, Exhibit 2; Dkt. No. 102, Exhibit 2; hereinafter "DFEH
25 Notice and Right-to-Sue Letter".)   This document was provided by the DFEH
26 pursuant to a public records request initiated by Defendants.  As these documents
27 can be accurately and readily determined from sources whose accuracy cannot be
28 reasonably be questioned, and without opposition by the Plaintiff to such request,

the Court hereby takes judicial notice of these documents.

The record indicates that Plaintiff was terminated on July 29, 2011 and filed a complaint with the DFEH alleging discriminatory acts took place on or about June 15, 2011. In her decision approving unemployment benefits for Plaintiff, Administrative Law Judge Gammill found that Plaintiff last worked for the employer on or about July 29, 2011, and the employer discharged him for violating the employer's policy and falsifying his timecard. (Unemployment Appeals Decision.) Judge Gammill found that Plaintiff's mistake was "an isolated instance of an error in judgment," and further that "the claimant had no prior warnings concerning similar conduct." (Id.) Thus, the Judge found that Plaintiff was discharged for reasons other than misconduct and accordingly found him qualified for unemployment benefits. (Id.)

In the records provided by the DFEH, Plaintiff filed three complaints, one against Apria Healthcare, Inc. and two against Eric Bourbonnais. Only Apria Healthcare, Inc. is a named Defendant in this case. Plaintiff filed the complaint against Apria Healthcare, Inc. on June 13, 2012, alleging that on, about or before June 15, 2011, Apria Healthcare, Inc. harassed or retaliated against Plaintiff based on age and disability discrimination. (DFEH Notice and Right-to-Sue Letter.) The complaint also reflects Plaintiff's decision to pursue the matter in court, and a warning that to receive a federal notice of right-to-sue, a complaint must be filed with the U.S. Equal Employment Opportunity Commission within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act. (Id.) Also on June 13, 2012, the DFEH provided notice of filing of a discrimination complaint and a notice of case closure, thereby closing the case and providing Plaintiff with the state Right-to-Sue Notice. (Id.)

Based on these facts, the Court finds that Plaintiff was terminated on or about Friday, July 29, 2011. Accordingly, the time for Plaintiff to file an administrative claim with the EEOC expired on May 27, 2012. Plaintiff has failed to provide any

information in his FAC to indicate that he filed a complaint with the EEOC within the first thirty days of receiving the DFEH Notice or by May 27, 2012 (300 days from the date of termination). As such, Plaintiff has not shown that he has exhausted his administrative remedies to bring a claim under ADA and Title VII.

Although Plaintiff cites federal law as a basis for jurisdiction, Plaintiff also references a specific provision of California Government Code §12940 as a basis for his causes of action. (FAC at 13.) This section of the California code prohibits employers from discriminating against certain classes of employees, including based on age and disability. Cal. Gov't Code §12940. As to these state causes of action, Plaintiff has exhausted his administrative remedies to bring an action against Apria Healthcare, Inc. under California state law. The state right-to-sue letter provides that "a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency in the named [sic] complaint. The civil action must be filed within one year from the date of this letter." (DFEH Notice and Right-to-Sue Letter.) Plaintiff filed the instant action against Apria Healthcare, Inc. and other defendants on January 6, 2012, approximately six months prior to the issuance of the state right-to-sue letter. Therefore, upon the filing of the present lawsuit, Plaintiff had not exhausted his administrative remedies. However, Plaintiff may still file a civil action under appropriate state law until June 13, 2013.

Notwithstanding Plaintiff's right to bring a civil action against Defendant Apria Healthcare, Inc. under state law, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's second and fourth claims under ADA and Title VII. The Court grants Plaintiff **LEAVE TO AMEND** his first amended complaint to provide information regarding the aforementioned administrative actions.

**Third Cause of Action**

Plaintiff has failed to state a claim for "wrongful termination" or violations under the Fair Labor Standards Act" ("FLSA"). As his third cause of

action, Plaintiff alleges that he was "wrongfully terminated," citing the result of the unemployment benefit appeal as evidence of his wrongful termination.  In his prayer for relief for the third cause of action, Plaintiff seeks compensatory damages for "violation of Fair Labor Standards Act." (FAC at 14.)  Upon review of the first amended complaint, it remains unclear whether Plaintiff seeks to allege wrongful termination in violation of California state law, ADA, Title VII, or violation of the FLSA.  Regardless, the Court finds that Plaintiff has failed to state a claim under any of these statutes.

Under California law, an employment contract of indefinite duration is in general terminable at "the will" of either party.  Cal. Lab. Code § 2922.  This presumption may be superseded by a contract, express or implied, limiting the employer's right to discharge the employee.  Foley v. Interactive Data Corp., 47 Cal. 3d 654, 665, 765 P.2d 373, 376 (1988).  Absent any contract, however, the employment is "at will," and the employee can be fired with or without good cause. Id.  The right to terminate "at will" is subject to limits imposed by public policy. See Petermann v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local 396, 174 Cal. App. 2d 184, 344 P.2d 25 (1959)(right to discharge employee at will limited where the employee declined to commit perjury); Tameny v. Atl. Richfield Co., 27 Cal. 3d 167, 610 P.2d 1330 (1980)(employer's authority to terminate at will does not include right to demand that employee commit a criminal act).

Upon review of the first amended complaint, Plaintiff has failed to state any facts indicating that he was an at-will employee or subject to a contract limiting the employer's right to terminate him.  Nor has Plaintiff stated any facts that would indicate Defendant Apria Healthcare, Inc. terminated Plaintiff in violation of a state or federal statute, or a public policy reason.  On the contrary, Plaintiff states that he "continued to work for defendant until plaintiff was accused of willfully and deliberately falsifying data and terminated [sic] on that basis." (FAC at ¶8.) Plaintiff

references the aforementioned unemployment benefit appeal decision as proof that "termination of plaintiff was incorrect." (FAC at ¶9.) However, the Appeals decision simply held that Plaintiff was not terminated for misconduct, and therefore unemployment benefits could not be withheld. As such, Plaintiff asks the Court to read into his claim that his termination was for some other, allegedly unlawful, reason. As the first amended complaint currently stands, the Court finds that Plaintiff has not stated sufficient facts to state a claim that Defendants wrongfully discharged Plaintiff under California state law.

Similarly, Plaintiff has failed to allege sufficient facts that would lead the Court to believe that his wrongful termination claim is valid under ADA, Title VII or the FLSA. Under the ADA, an employer may not discharge a qualified individual on the basis of disability. 42 U.S.C. § 12112. Title VII of the Civil Rights Act of 1964 prohibits an employer from discharging an employee on the basis of race, color, religion, sex or national origin or for exercising rights under the act. 42 U.S.C. §§ 2000e–2, 2000e–3(a). And the FLSA regulates minimum and overtime wages paid by employers who engage in interstate commerce. 29 USC § 203 (e, g). Plaintiff asserts in the FAC that Defendants fired him "shortly after the conclusion of plaintiffs' workers compensation claim for a work-related injury that required light-duty and plaintiff heard...managers and/or agents discussing 'getting rid of' the old guys and disabled workers." (FAC at 13-14.) While Plaintiff must still exemplify exhaustion of administrative remedies to be entitled to bring a disability claim, the Court finds that Plaintiff has not sufficiently alleged that his termination was due to a disability. Regarding wrongful termination under Title VII, the only facts relevant are the conclusory allegations that Defendants "violated Plaintiff's civil rights." The facts relevant to the FLSA claim include Plaintiff's allegations that colleagues and supervisors failed to pay wages for time off the clock and/or overtime. (FAC at ¶ 7.) Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock,

1  Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d
2  618, 624 (9th Cir. 1981).  Given that Plaintiff has failed to provide sufficient facts
3  to allege wrongful termination under California law, ADA, Title VII or FLSA, the
4  Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's third cause of action for
5  wrongful termination.

**Fifth Cause of Action**

7  Plaintiff's fifth cause of action includes "negligent inflection of emotional
8  distress as defendants have caused severe emotional trauma to plaintiff." (FAC at
9  14.)  Defendants claim that Plaintiff may not pursue such a claim in a civil action
10  when physical injuries resulting from the employer's alleged failure to provide a
11  safe workplace are compensable only in workers' compensation proceedings. See
12  Arendell v. Auto Parts Club, Inc., 29 Cal. App. 4th 1261, 1264-1265 (1994).  As
13  such, Defendants assert that Plaintiff's claim is barred by Cal. Labor Code §
14  3602(a).

15  Section 3602(a) states "where the conditions of compensation set forth in
16  Section 3600 concur, the right to recover such compensation is, ... the sole and
17  exclusive remedy of the employee or his or her dependents against the employer..."
18  Cal. Labor Code § 3602(a). Under Cal. Labor Code Section 4553, an employee may
19  be entitled workers compensation if the employer intentionally, knowingly or
20  recklessly harmed Plaintiff.  Cal. Labor Code § 4553.  However, there are certain
21  types of intentional employer conduct which bring the employer beyond the
22  boundaries of workers compensation, for which a civil action may be brought.
23  Fermino v. Fedco, Inc.,7 Cal. 4th 701 (1994)(holding that intentional crimes by an
24  employer against an employee are outside the scope of workers compensation laws).
25  Additionally, California courts have held that while emotional distress caused by
26  employment termination is within the scope and course of the employment
27  relationship, emotional distress without accompanying physical injury or disability
28  is not compensable under Section 3600.  See Russell v. Mutual Life Insurance Co.,

722 F. 2d 482, 493 (9th Cir. 1983), rev'd on other grounds, 473 U.S. 134 (1985)("mental anguish absent any physical injury is not a compensable injury under California's Workmen's Compensation laws").

Plaintiff's primary factual allegations include that employees and supervisors of Apria Healthcare made discriminatory remarks towards Plaintiff. (FAC at 7-10). Plaintiff asserts that these statements show that Defendants failed to pay Plaintiff overtime, failed to provide safety equipment, and further wrongfully terminated Plaintiff for falsifying his timecard. (Id. at 10-11). Plaintiff also states that subsequent to his termination, he experienced "deep bouts of depression, loss of sleep, and panic attacks." (Id. at 11.) However, Plaintiff has not alleged that Defendants intentionally caused him injury nor has he alleged any physical harm. As such, the Court finds that Plaintiff has failed to state that the employer acted deliberately with the specific intent to injure the Plaintiff. As a result, Plaintiff has failed to state a claim for an intentional tort, the only conduct which may be exempt from the exclusivity provisions of the workers' compensation law. Furthermore, Plaintiff has not sufficiently alleged any physical injury connected to his emotional distress, a requirement under California law to be eligible for worker's compensation. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's fifth cause of action for negligent infliction of emotional distress.

**Sixth Cause of Action**

Plaintiff's sixth cause of action fails because there is no private cause of action violations of Occupational Safety & Health Act (OSHA). The Ninth Circuit has held that "OSHA violations do not themselves constitute a private cause of action for breach." Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994); 29 U.S.C. § 653(b)(4) ( "[n]othing in this chapter shall be construed to ... enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees"). See also 35 ALR Fed. 461, § 2 ("The cases are consistent in holding that [OSHA] does not create a private cause of action

for violations of the Act or the regulations thereunder"). Here, Plaintiff alleges a violation of Occupational Safety & Health Act (OSHA) as "defendants failure to comply, provide compliance for business work environment that is not hostile and not hazardous." (Dkt. No. 82 at 14.) As there is no private cause of action for an OSHA violation, Plaintiff's sixth claim is **DISMISSED WITH PREJUDICE**.

**Failure to Effectuate Proper Service**

Defendant Blackstone Group, L.P. and Blackstone Group, L.P. individuals assert that Blackstone individuals must be dismissed because they are not subject to the personal jurisdiction of this Court, and as an additional matter that Plaintiff has failed to properly serve the Blackstone Group, L.P. and Blackstone Individuals. (Dkt. No. 100.) Defendants Apria Healthcare, Inc. and Apria Individuals make similar legal arguments. (Dkt. No. 102.) In the FAC, Plaintiff lists as defendants Blackstone Group, L.P., and employees of Blackstone Group Stephen A. Schwarzman, Hamilton E. James, J. Tomilson Hill, Laurence Tosi, John G. Finley at the address 345 Park Avenue, New York, NY. (FAC at 2). Plaintiff asserts that "Blackstone Group LP acquired 100% control of Apria in 2008." (FAC at 3.) Plaintiff makes no specific allegations against the Blackstone Group individuals, other than stating their names and positions with Blackstone Group, L.P. (FAC at 5-6.) Other than naming Defendant Blackstone Group, L.P. and alleging that it had acquired Apria Healthcare, Inc., Plaintiff makes no further mention of the company. Plaintiff also names as defendants individuals who are employees of Apria Healthcare, Inc., including Norman Payson, Howard Derman, Robert Holcombe, Lisa Getson, and Chris Karkenny. (FAC at 3-4.) Plaintiff makes no mention of these individuals elsewhere in the FAC.

According to sworn declarations, Blackstone, Group L.P. does not own Apria Healthcare, Inc. Apria Healthcare, Inc. and Blackstone Group, L.P. are independently and distinctly operated, and the two are wholly distinct, separate and unrelated entities. (Dkt. No. 100, Declaration of Robert Friedman in support of

Defendant's Motion to Dismiss ("Friedman Decl.") at ¶ 4). Blackstone Group, L.P. is an investment and advisory firm that was formed in Delaware, and is headquarted in New York, New York whereas Apria Healthcare, Inc. is a privately held, non-publicly traded company located in California. (Id.)

Plaintiff attempted service of process upon Blackstone Group, L.P. on December 3, 2012. Five copies of Plaintiff's first amended complaint and related summons were served upon Blackstone employee Katie Castaldy. (Dkt. N. 100, Declaration of Katie Castaldy ("Castaldy Decl.") at ¶ 2). Ms. Castaldy is not a designated agent for service of process for Blackstone Group, L.P. or the Blackstone individuals, and the summons issued did not state the names of the individuals who sought to be served. (Id.) On December 11, 2012, four copies of Plaintiff's first amended complaint and related summons were served upon Apria Healthcare, Inc. employee Raoul Smyth. (Dkt. No. 102, Declaration of Raoul Smyth ("Smyth Decl.") at ¶ 2.) Mr. Smyth is not a designated agent for service of process for the Apria individuals. (Id.) Similarly, the summons did not state the names of the individuals to be served. (Id.)

Defendants first contend that the court lacks personal jurisdiction over the Blackstone individuals. The Court agrees. Due process requires the existence of an adequate basis for jurisdiction over the party sought to be bound by the court's judgment or decree. Basis for personal jurisdiction includes service within the state, domicile or consent. Burnham v. Sup. Ct., 495 U.S. 604, 610-11 (1990). Plaintiff has not pleaded any facts to support personal jurisdiction over the individual employees of Blackstone Group, L.P. who reside in New York. As an additional matter, Plaintiff has failed to properly serve the Blackstone Group individuals as well as Blackstone Group, L.P. pursuant to Fed. R. Civ. P. 4. As Defendant Blackstone has informed the Court that it does not own Apria Healthcare, Inc., and as Plaintiff has failed to render proper service, the Court **DISMISSES WITH PREJUDICE** Blackstone Group, L.P. and **DISMISSES WITH PREJUDICE**

1  Blackstone Individuals Stephen A. Schwarzman, Hamilton E. James, J. Tomilson
2  Hill, Laurence Tosi, John G. Finley. Additionally, Plaintiff has failed to properly
3  serve Apria Healthcare, Inc. individuals, and the Court **DISMISSES WITHOUT**
4  **PREJUDICE** Norman Payson, Howard Derman, Robert Holcombe, Lisa Getson,
5  and Chris Karkenny.  Because Defendant Apria Healthcare, Inc. has not asserted
6  that Mr. Smyth was not a registered agent for Apria Healthcare, Inc., the Court will
7  not consider whether service was properly rendered upon Defendant Apria
8  Healthcare, Inc.

## CONCLUSION

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's first, second, third, fourth, and fifth causes of action (age discrimination, disability discrimination, wrongful termination, civil rights violations, negligent infliction of emotional distress) and **DISMISSES WITHOUT PREJUDICE** Defendants Norman Payson, Howard Derman, Robert Holcombe, Lisa Getson, and Chris Karkenny. The Court **DISMISSES WITH PREJUDICE** Plaintiff's sixth cause of action (violation of Occupational Safety & Health Act) and **DISMISSES WITH PREJUDICE** Defendants Blackstone Group, L.P. and Defendants Stephen A. Schwarzman, Hamilton E. James, J. Tomilson Hill, Laurence Tosi, and John G. Finley.

If Plaintiff wishes, he **SHALL FILE** an amended complaint within thirty days of the date this Order is electronically docketed.  Failure to file an amended complaint by this date may result in dismissal with prejudice.

Having so held, the Court hereby **VACATES** the hearing date on this matter scheduled for Friday, April 12, 2013.

**IT IS SO ORDERED.**

DATED:  April 11, 2013

HON. GONZALO P. CURIEL
United States District Judge